WESTERN DIST.

October, 1839.

CROSSMAN ET AL. vs. VIGNAUD ET AL.

CROSSMAN ET AL.
vs.
VIGNAUD ET AL.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF NATCHITOCHES, THE JUDGE OF THE SEVENTH PRESIDING.

An open space had been used as an alley, or public street, in the town of Natchitoches, for upwards of thirty years, but was not shown to have been designated as such on the plan of the town, or by any destination to public use: Held, that it remained private property, and, as such, was held by the defendant's title.

The right of passage, and to use an open space in a town as a public alley or street, is not acquired by prescription. It is an interrupted servitude, which requires the act of man to be exercised, and can be established only by a title.

This case commenced by injunction. The plaintiffs allege that the defendants were preparing and about to stop up a public alley or small street in the town of Natchitoches, situated between their property and a piece of ground in the possession of the Branch Bank of the City Bank of New-Orleans; that said alley has been an open and public highway for thirty years, and that the corporation of Natchitoches, by its legal and authorized agents and officers, has been accustomed, for more than thirty years, to keep this street in repair, &c. They allege that, by shutting up said alley, their property will be injured to the amount of two thousand dollars; and therefore pray for an injunction, prohibiting the defendants from proceeding to close up said street or alley, and for judgment, with damages.

The defendants pleaded a general denial; and the defendant, Vignaud, avers that there is no public alley or street, as claimed by the plaintiff, but that the City Bank, of which he is cashier, owns the lot and ground claimed as public, which they purchased at public sale, of the property of Charles Pavie, bounded below by the plaintiff's store, and above by another lot of the said Pavie; that he employed his co-defendant to fence in the whole boundary of said space of ground for the Bank, until he was stopped by the injunction.

WESTERN DIST. He avers that there is no public street between the Bank
October, 1839. and the plaintiffs, as is alleged ; and that the corporation of
CROSSMAN ET AL. Natchitoches disclaims any right whatever to a public
*vs.*
VIGNAUD ET AL. passage or street there, &c.   Upon these pleadings and
issues the cause was tried before the court and a jury.

The evidence, consisting mainly of the testimony of witnesses, old inhabitants of the town, showed that an alley or passage had existed in the vacant space in dispute for more than thirty years ; in fact, the defendants admitted it had been open and used as such in passing for forty years.   One witness deposed that houses had been built fronting on this open space.   The whole space measures nineteen feet ; but the plaintiffs' lot and defendants' (or bank lot) adjoin, and are situated alongside of each other, the bank having fourteen feet of this space and the plaintiffs' five feet, according to their measured boundaries.

It was shown that the corporate authorities of the town of Natchitoches disclaimed any right to a public alley or street in the vacant space in contest between the parties.   There was no plan or designation of this space, as a public alley or street, produced in evidence.

The jury returned a verdict for the plaintiffs, prohibiting the defendants from closing up the alley in controversy, and ordering it to be kept open as a public alley of the town. From judgment confirming this verdict, the defendants appealed.

*Brent* and *Morse,* for the plaintiffs.

1. The legal question to be decided in this case is, was the land in dispute a highway, or street, in the eye of the law ?   The evidence shows that it has been used as a public highway for thirty-three years or more.

2. We hope to sustain this injunction by the weight of Judge Martin's dissenting opinion in 5 *Louisiana Reports,* 145, sustained and approved by the Supreme Court of the United States, in the case " City of Cincinnati *vs.* White's Lessee," 6 *Peters,* 433, and in the case " New-Orleans *vs.* United States," 10 *Ibid,* 712.

WESTERN DIST.
October, 1839.

CROSSMAN ET AL.
vs.
VIGNAUD ET AL.

3. The defendants show title for the land, but we contend, in obedience to the principles laid down by the authorities, that we have shown enough to entitle us to recover. We have shown that this has been a public alley or passway for thirty odd years; that the owner, residing in the parish during all that time, never objected, or dissented from the use made of it; that houses have been built along it, and with reference to it; that vested rights have been thereby acquired; and, in fine, that there has been such an implied dedication of it to public purposes, that it can no longer be the subject of private ownership.

*Campbell* and *Dunbar*, for defendants.

*Strawbridge, J.*, delivered the opinion of the court.

The Branch of the City Bank of New-Orleans and the plaintiffs are owners of two contiguous lots in a square of the town of Natchitoches. On the dividing line is an open space, or alley, of nineteen feet in width, five feet of which covers part of the plaintiff's lot and fourteen that of defendants. For thirty or forty years this has been open and used by the public as a passage. On one corner is the banking house, and on the opposite the store of the plaintiffs, in the rear of which they have built a warehouse fronting on the alley. In 1836, the bank directed the defendant, Vignaud, who is their cashier, to inclose that part of the alley lying on their ground, to prevent which the plaintiffs obtained an injunction, on the allegation that it was a public passage, the stopping of which would prejudice the public rights, and deteriorate their property. The cause was tried by a jury, who rendered a verdict for the plaintiffs. A new trial was granted, and a second verdict rendered for the plaintiffs, and judgment given thereon, from which this appeal is taken.

The plaintiffs contend for the affirmance of this judgment, on two grounds: first, that the alley, being left open to public use, is, by its destination, public; second, that the defendants, having acquiesced in the passage by the public, and suffered the plaintiffs to build thereon without setting up

WESTERN DIST. their title, have lost their right, if any they ever had.   We
October, 1839.  think neither of these positions tenable.

CROSSMAN ET AL.     In support of the first, they have referred us to the cases
*vs.*     of the City of Cincinnati *vs.* White's Lessee, 6 *Peters*, 435;
VIGNAUD ET AL.  Mayor, &c., of New-Orleans *vs.* the United States, 10 *Ibid*,
712, and the opinion of Judge Martin, in the case of
De Armas *vs.* the City of New-Orleans, 5 *Louisiana Reports*,
132.

An open space     Had the plan of the town of Natchitoches (a portion of
had been used as which is in evidence) exhibited this space as an open lane,
an alley or pub-
lic street in the or had the primordial titles so treated it, these cases would
town of Natchi-
toches, for up- have applied; but it is admitted that the defendants have
wards of thirty shown a good title to fourteen feet.   The town surveyor
years, but was
not shown to deposes that no such space has been marked on the plan;
have been desig-
nated as such on that, though all the other streets have been named, this has
the plan of the been nameless; and it is shown by the act, or deed, under
town, or by any
destination to which the plaintiff holds, that the boundary given is the
public use: *Held,*
that it remained defendant's line, thus including the remaining five feet of
private proper-
ty, and, as such, the alley in his lot.   These circumstances, so far from show-
was held by the ing any destination to public use, leave on our minds the
defendant's title.
conviction that the property was private, and that this case
does not fall within the rule invoked.

It remains to be seen whether the plaintiffs or the public
have acquired, or the defendants and those under whom they
claim have lost any rights to the property; and here, be it
remarked, that the house or houses fronting on the alley do
not touch the common line: they front on the line of the
alley, and are *consequently* five feet within plaintiff's limits.
What power the defendant has to prevent the plaintiff from
building within his own limits, or what obligation he could
be under to inform him of their reciprocal rights when the
title of the latter called for his line, and of course told him
the ground on the other side of that line belonged to the
defendant, we cannot perceive.   If he, or if the public could
acquire a right of passage thereon, it must be by some grant
of the defendant; some forced expropriation made under
legal formalities, and for a compensation fixed and paid, or
by prescription.   Neither of the first are pretended, and we

think, with the defendant's counsel, the question is, have the plaintiffs (*i. e.* the public) made out a right of passage by prescription? The Louisiana Code, article 723, declares, " Interrupted services are such as need the act of man to be exercised ; such are the rights of passage, of drawing water, pasture and the like." Article 762 provides, that " continuous non-apparent servitudes and interrupted servitudes, whether apparent or not, can be established only by a title." " Immemorial possession itself is not sufficient to acquire them."

We pass over that part of the case which presents an attempt to make out a title by resolutions of the trustees of the town, passed since the institution of the suit, declaring that this and other spaces shall be and remain public ; directing the surveyor to make out a new plan, and to mark them thereon, as destined to public use ; giving a name to it, as had been done to other streets, &c., with the remark, that if the suit was not well founded in its origin, such measures cannot mend it. They are not known to our laws, as modes of divesting private rights. If the property in question be necessary to the public service, a course of proceeding is provided by which it can be obtained, and none other will avail.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled; and that the injunction be dissolved and the defendants quieted in their possession ; and that the plaintiffs pay costs of both courts.

*Western Dist. October,* 1839.

The right of passage, to use an open space in a town, as a public alley or street, is not acquired by prescription. It is an interrupted servitude which requires the act of man to be exercised, and can be established only by a title.